full bill of taxable costs to date, and no more, for the privilege both of withdrawing a juror and for amending its complaint a second time. I cannot accede to the plaintiff's claim that this privilege should be granted merely upon paying motion costs. The plaintiff, by again changing its complaint, thereby necessitating a new answer and the creation of new issues, again makes practically a new action. It is manifest that, if this could be done once on the strength of the bill of costs heretofore paid, it could be done an indefinite number of times, and the defendant would receive no compensation for the additional labor and expense entailed through no fault of his, but solely by the fault of the plaintiff. The defendant should also have $10 costs of this motion.

Motion granted, upon the terms above stated.

O'ROURKE ENGINEERING CONST. CO. v. GOODWIN CAR CO.

(Supreme Court, Appellate Division, First Department. May 19, 1911.)

1. PLEADING (§ 22*)—COMPLAINT—REDUNDANCY.
   In a complaint for misrepresenting that cars hired for construction work could handle all kinds of rock excavation in the shortest possible time and at the least cost, an allegation that they were wholly unfit for rock excavation should be stricken as redundant, where a preceding allegation directly pleads failure of the representation.
   [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 22.*]

2. PLEADING (§ 22*)—COMPLAINT—IRRELEVANT MATTER.
   In a complaint for misrepresenting the efficiency of cars hired for construction work, counting on a representation of efficiency for rock excavation, allegations of unfitness of the cars for general or earth excavation should be stricken as being irrelevant.
   [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 22.*]

Appeal from Special Term, New York County.

Action by the O'Rourke Engineering Construction Company against the Goodwin Car Company. From an order refusing to strike matter from the complaint, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Duncan Edwards, for appellant.
Franklin Nevius, for respondent.

DOWLING, J. The action is brought to recover damages, amounting to $162,966.06, alleged to have been sustained by plaintiff by reason of misrepresentations made to it as to the suitability for its work of defendant's cars, in reliance upon which it hired 69 thereof for a period of three years. The representations upon which plaintiff relied are set forth in the amended complaint as follows:

"Fourth. That prior to and at the time of the making of said agreement, and with full knowledge of the plaintiff's work under the said contract with the said railroad company, as an inducement to the plaintiff to enter into said agreement, the defendant then and there stated and represented to the

plaintiff, through the instrumentality of circulars and photographs published and issued by the said defendant and under its authority, and by certain verbal and written statements made and sent to the plaintiff, that the said Goodwin cars so to be leased could handle all kinds of rock excavation of any size, made by steam shovel or otherwise, and could do the work of the plaintiff of transporting away the excavated material from its contract with the said railroad company aforesaid in the shortest possible time and at the least cost per cubic yard."

The falsity of these representations is thus alleged:

"Eighth. That the said representations made by the defendant, which induced the making of the original leases with the defendant on or about the 25th day of August, 1903, and the re-executed leases with the various trustees and this defendant as hereinbefore mentioned, were false and untrue, and known by the defendant to be false and untrue, in that the said Goodwin dumping cars could not fulfill or comply with the statements and representations made by the defendant as aforesaid, and could not handle all kinds of rock excavation of any size, made by steam shovel or otherwise, and could not do the work of the plaintiff of transporting away the excavated material from its contract with the said railroad company aforesaid in the shortest possible time and at the least cost per cubic yard."

Thus far the allegation of the falsity of the representations corresponds with the terms of the latter as pleaded in paragraph "Fourth"; but there is then added the matter to which objection is made, and which is sought to be eliminated, which sets forth a further failure of the cars to comply with the representations:

"And in that the said cars were wholly unfit and useless for the purpose of general excavation, and were wholly unfit and useless for the purpose of the excavation either of earth or rock to be done by this plaintiff under its said contract with the said railroad company."

[1, 2] In so far as the last-quoted clauses purport to set forth the unfitness of the cars to handle rock excavation, they are redundant; for that issue was sufficiently tendered by the earlier part of the paragraph. In so far as they attempt to set up the unfitness of the cars for the purpose of general excavation or earth excavation, they are irrelevant to any issue in the action; no such representation being pleaded.

The order must therefore be reversed, with $10 costs and disbursements to appellant, and the motion granted, to the extent of striking from the amended complaint the part last quoted, beginning with the words "and in that the said cars," and ending with the words "the said railroad company," with $10 costs. All concur.